UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NADEZHDA SPROLE,

**Plaintiff,**

v. 4:11-cv-231

BRYAN COUNTY SCHOOL DISTRICT,

**Defendant.**

## ORDER

### I. INTRODUCTION

Before the Court is Defendant Bryan County School District's ("Bryan County") Motion for Summary Judgment. *See* Doc. 21.

### II. BACKGROUND[1]

Bryan County employed Nadezhda Sprole from January 2008 through May 2010 as a non-tenured, business education teacher at Richmond Hill High School ("RHHS"). *See* Doc. 21-2 at 1.

Around April 19, 2010, Dr. Charles Spann, the Principal of RHHS, informed Sprole that he was not recommending her for renewed employment for the 2010-11 school year. *See id.* at 2. Spann's recommendations were made to Bryan County's Superintendent, John Oliver, who makes the hiring recommendations to Bryan County's Board of Education. *See id.* On May 12, 2010, Oliver informed Sprole that she would not be offered a contract with Bryan County for the upcoming 2010-11 school year. *See id.* at 1-2.

Around June 17, 2010, Oliver recommended that Bryan County hire Charles Stacy Bennett to fill the roles of head baseball coach, assistant football coach, and business education teacher at RHHS. *See id.* at 4. Bennett is an American male. *See* Doc. 21-1 at 12. Sprole is female and a native of Russia. *See id.* at 21.

On June 24, 2010, the Bryan County Board of Education approved the recommendation. *See* Doc. 21-2 at 4. For filling all three positions in the 2010-11 school year, Bennett earned $38,836. *See id.* In contrast, for the 2009-10 school year, Bryan County paid Sprole approximately $41,565.88. *See id.* at 3-4.

On September 16, 2011, Sprole filed suit against Bryan County through counsel, alleging gender and national origin discrimination under Title VII of the Civil Rights Act ("Title VII"). *See* Doc. 1; *see also* Docs. 10-12 (jointly dismissing Sprole's 42 U.S.C. § 1983 claims and her claims against Oliver). Sprole's counsel withdrew, and Sprole is currently proceeding *pro se*. *See* Docs. 19; 20.

On June 25, 2012, Bryan County moved for summary judgment. *See* Doc. 21. Sprole failed to respond. Nevertheless, because of Sprole's *pro se* status and the possibility that she may have not received the Clerk's Notice, this Court issued an Order warning her of the consequences of failing to respond to Bryan County's motion and giving her until August 13, 2012 to file

---

[1] Sprole has failed to respond and oppose the facts set forth in Bryan County's Statement of Material Facts. *See* Doc. 21-2. Accordingly, the facts set forth in the statement are deemed admitted. *See* S.D. GA. L.R. 56.1

her response brief. *See* Doc. 23. Sprole has still failed to respond, demonstrating an unwillingness to prosecute her action.

## III. ANALYSIS

Bryan County moves for summary judgment on all of Sprole's claims. *See* Doc. 21. Despite the Court's Order warning her of the repercussions, Sprole has filed no response to Bryan County's motion. Thus, Bryan County's motion is unopposed. *See* S.D. GA. L.R. 7.5. Her *pro se* status does not absolve her from compliance with the relevant law and rules of the court. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Yet, summary judgment is not automatically granted by virtue of Sprole's failure to respond. *See United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion . . . [and] ensure that the motion itself is supported by evidentiary materials.").

"Nonetheless, a court is not obligated to read minds or to construct arguments or theories that a party has failed to raise." *Williams v. Aircraft Workers Worldwide, Inc.*, 832 F. Supp. 2d 1347, 1352 (S.D. Ala. 2011); *see also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.").

### A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cntys.*, 941 F.2d 1428, 1437 (11th Cir. 1991).

"The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The nonmoving party then "may not rest upon the mere allegations or denials of [her] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Gonzalez v. Lee Cnty. Hous. Auth.*, 161 F.3d 1290, 1294 (11th Cir. 1998). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material only if it might affect the outcome of the suit under

governing law. *See Anderson*, 477 U.S. at 248.

Courts may consider all materials in the record, not just those cited by the parties. FED. R. CIV. P. 56(c)(3).

**B. Analysis**

Sprole alleges that Bryan County terminated or refused to renew her employment because of her sex and national origin in violation of Title VII. *See* Doc. 1 at 1-2.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, *sex*, or *national origin*." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). "A plaintiff may prove a claim of intentional discrimination through direct evidence, circumstantial evidence, or through statistical proof." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008).

Because Sprole's Title VII claims are based on circumstantial evidence,[2] this Court uses the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[3] *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010).

"Under this framework, the plaintiff first has the burden of establishing a prima facie case of discrimination, which creates a rebuttable presumption that the employer acted illegally." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004).

If the plaintiff establishes a prima facie case, "the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions." *Id.* "If the employer satisfies its burden by articulating one or more reasons, then the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination." *Id.*

Despite the shifting burdens of production, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

*1. Prima Facie Case*[4]

---

[2] There is no direct evidence of discrimination in the record.

[3] Yet, satisfying the *McDonnell Douglas* framework is not "the *sine qua non* for a plaintiff to survive a summary judgment motion . . . ." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). "Rather, the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Id.*

[4] Although Bryan County argues that budgetary and economic considerations necessitated Sprole's termination, the Court declines to analyze this case under the standard for a reduction-in-force ("RIF") case. *See Vega v. Invsco Grp., Ltd.*, 432 F. App'x 867, 870 (11th Cir. 2011) (stating that a modified *prima facie* standard applies in RIF cases and thus for the fourth element the plaintiff must present evidence showing that the employer intended to discriminate against the plaintiff on the basis of a protected characteristic). The Eleventh Circuit has stated that "in reduction-in-force cases, the employer 'seldom' seeks to replace the discharged employee." *See Lawyer v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 773 (11th Cir. 2008) (quoting *Mauter v. Hardy Corp.*, 825 F.2d 1554, 1557 (11th Cir. 1987)). Here,

To establish a prima facie case of employment discrimination, Sprole must show (1) that she is a member of a protected class; (2) that she was qualified for her position; (3) that she was subjected to an adverse employment action; and (4) that her employer treated "similarly situated" employees outside her class more favorably. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Sprole may also establish the fourth element by showing that she "was replaced by someone outside the protected class." *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004).

Bryan County concedes that Sprole can establish a prima facie case of discrimination. *See* Doc. 21-1 at 10-11. Sprole is a member of two protected classes as she is a non-native (Russian) female. It is not disputed that she was qualified for her position or that she was subjected to an adverse employment action—non-renewal of her contract. Moreover, Bryan County subsequently hired a white American male, Bennett, to fill her former position. Accordingly, Sprole has established a prima facie case of discrimination based on her sex and national origin.

2. *Legitimate, Non-Discriminatory Reasons*

"The employer's burden under the second prong of the test is 'exceedingly light' and merely requires that the employer proffer a legitimate nondiscriminatory reason." *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 808 (11th Cir. 2011) (quoting

---

however, Sprole's former position was filled by Bennett.

*Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1019 (11th Cir. 1994)). Bryan County "need not persuade the court that it was actually motivated by the proffered reasons." *Burdine*, 450 U.S. at 254.

Bryan County states that the non-renewal of Sprole's contract was based on financial reasons, particularly Bryan County's attempt to reduce its payroll in light of state budget cuts. *See* Doc. 21-1 at 11. Moreover, Oliver attests that Sprole's non-renewal was on account of her being non-tenured and because Bryan County sought to reduce its number of employees district-wide. *See id.* at 53.

Accordingly, the Court concludes that Bryan County has met its exceedingly light burden and produced legitimate, non-discriminatory reasons for Sprole's non-renewal.

3. *Pretext*

Bryan County argues that Sprole has failed to present evidence of pretext. *See id.* at 12-14.

Pretext means that the reasons given by the employer were not the real reasons for the adverse employment decision. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006).

Sprole may show that Bryan County's proffered reasons are pretext by offering evidence that Bryan County more likely than not acted with a discriminatory motive or by showing that Bryan County's reasons are not credible. *Alvarez*, 610 F.3d at 1265. Nevertheless, "[s]howing only that the employer's proffered reason is false does not necessarily entitle a plaintiff to get past

summary judgment." *See id.* at 1264; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000); *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1257 (11th Cir. 2012).

Sprole may demonstrate pretext "by revealing such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [Bryan County's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (quotation omitted). "[E]vidence of pretext may include . . . the same evidence offered initially to establish the prima facie case." *See Wilson*, 376 F.3d at 1088.

Yet, this Court does not sit as a "super-personnel department." *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).

> A plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer. Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.

*Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000).

Sprole has not provided any arguments or evidence that Bryan County's proffered reasons are incredible or motivated by discriminatory motives. The Court is under no obligation to conjure up and articulate arguments that Sprole has failed to raise.

She admitted at her deposition that other than Bennett being an American male hired one month after the non-renewal of her contract, she had no other evidence that her gender or national origin played any role in Bryan County's decision to not renew her contract. *See* Doc. 21-2 at 5; *see also* Doc. 21-1 at 21, 30.

Instead, the record shows that in the spring of 2010, Bryan County was searching for a baseball coach. *See* Doc. 21-2 at 3. Accordingly, Bennett was hired to fill this position and to serve as an assistant football coach and business education teacher. *See id.* at 4. Sprole admitted that she had no evidence that Bennett was not qualified to teach business education. *See* Doc. 21-1 at 21. In filling these three positions, he earned $2,729.88 less than Sprole had as just a business education teacher. *See* Doc. 21-2 at 3-4.

Around the same time, Bryan County was trying to reduce its payroll and the number of employees due to state budget cuts. *See id.* at 2. Non-tenured teachers, such as Sprole, faced a greater likelihood of termination because they enjoyed fewer rights of continued employment than did tenured teachers. *See id.* at 3. The concept of "last in, first out," in which the last person hired is often the first to have his or her contract not renewed, often applied to non-tenured teachers. *See id.*[5]

---

[5] Sprole testified that the business education teaching position at RHHS was her first teaching position. *See* Doc. 21-1 at 19.

5

Oliver's unrebutted attestation is that the non-renewal of Sprole's employment was not related to his subsequent recommendation to hire Bennett. *See* Doc. 21-1 at 53. Instead, he did not recommend renewal of her employment because she was not tenured and Bryan County was reducing its overall number of employees. *See id.* The subsequent hiring of Bennett to fill three positions, one a position of need with responsibilities unique from those previously held by Sprole, for a lesser cost than Sprole received at one position is not inconsistent with Bryan County's proffered fiscal and budgetary reasons justifying Sprole's non-renewal.

Because Sprole fails to present evidence that Bryan County's reasons for her non-renewal were pre-textual, the Court *GRANTS* Bryan County's motion for summary judgment.[6]

## IV. CONCLUSION

Bryan County's Motion for Summary Judgment is *GRANTED*. *See* Doc. 21. The Clerk is directed to enter judgment in favor of Bryan County. This action is *CLOSED*.

This 29th day of August 2012.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[6] The Court likewise grants Bryan County's motion for summary judgment on Sprole's 42 U.S.C. § 1988 claims for attorneys fees. *See* Doc. 1 at 4. Bryan County's request for oral argument is *DENIED* as *MOOT*. *See* Doc. 21-3.